SLOTE v. CONSTANTINE HYDRAULIC CO.

1. WATERS AND WATERCOURSES — DAMS — FLOWAGE — DAMAGES — EVIDENCE—PLEADING.

Damages to trees of complainant's wood lot were properly awarded by the court, under the averments of an amended bill for an injunction which charged that setting back of water by reason of increasing the height of defendant's dam would cause water to percolate and saturate the land of complainant and would damage him as the dam had not theretofore done, where it was disclosed by the evidence that the trees were actually damaged and killed because of the increased height of the dam.

2. SAME—DAMAGES—INJUNCTION BILL—DAMS.

> The fact that in another suit in chancery defendant had been required to lower its dam and that damages in the case instituted subsequently to the commencement of said chancery cause had been awarded on the basis of a permanent increasé in the head of defendant's power dam, was a matter to be presented to the court in supplementary proceedings: the equities of the parties could not be adjusted on appeal of the second suit.

Appeal from St. Joseph; Yaple, J. Submitted June 11, 1913. (Docket No. 76.) Decided October 2, 1914.

Bill by William W. Slote against the Constantine Hydraulic Company for an injunction. From a decree awarding damages, defendant appeals. Affirmed.

*H. P. Stewart*, for complainant.

*H. O. Bliss* and *R. J. Wade*, for defendant.

BIRD, J. The complainant is the owner of a farm of 173 acres, situate on the west bank of St. Joseph river, about three miles from the village of Constantine. The defendant is the owner of a water power near that village. The defendant had the perpetual right to flood complainant's land to the extent that was necessary to produce an eight-foot head at the dam. In the years 1904 and 1905, defendant raised its dam 30 inches, and complainant claims such raise flooded and rendered useless nearly 13 acres more than were flooded by the eight-foot head. This bill was filed to prevent the completion of the addition to the dam. A temporary injunction was issued, but later was dissolved by reason of a bond being filed by defendant to pay any damages that might be awarded complainant in this suit. After this was done, the addition to the dam was completed. It therefore became a question of fact, under the pleadings, what damages the complainant had sustained by reason of

the raising of the dam. Nearly all of the testimony gathered around the questions: How many acres were flooded in consequence of the addition to the dam, and how much damage was it to complainant's farm?

Both sides produced a large number of witnesses who were familiar with the premises. The complainant's witnesses estimated that the additional flooding covered from 10 to 13 acres, and placed the value thereof at $100 per acre. The defendant's witnesses estimated that the number of acres were from 4 to 7, and placed the value at from $75 to $90 per acre.

Another element of damage was shown in addition to the flooding of the land. It was claimed that, by reason of the raising of the water to a higher level, it had, by percolation through the soil, killed and injured a large number of growing trees on land slightly higher than the land which was flooded. The complainant gave it as his judgment that the destruction of the entire eight acres of timber would lessen the value of the farm $1,000. After hearing the proofs offered, the chancellor awarded complainant damages in the sum of $1,300. The testimony as a whole impresses us of the candor and honesty of the witnesses. They simply disagreed in their estimates and judgments, as is not uncommon where such questions of fact are involved. A study of the record, however, has convinced us that, if any one has a right to complain of the amount of the damages arrived at by the chancellor, it is not the defendant.

Damages to the amount of $1,300 are justifiable, under the proofs, in our judgment, independent of the injury caused to the wood lot, but, complainant not having appealed, no revision of damages in his behalf is permissible.

But it is argued by defendant that no testimony should have been admitted on account of the damages to the wood lot, because the bill of complaint did not

by allegation open the way for its admission. The bill of complaint, as originally filed, was an injunction bill, but later, by reason of the filing of the bond and order of the court, it was transformed into one for damages for the injury caused to the land by the raising of the water. The amended bill charges that, by reason of the addition to the dam, "the water will saturate and percolate through your orator's land as it has never done heretofore, and will damage your orator by reason of raising of said dam to the extent of more than $1,500." This was sufficient notice to the defendant that the complainant would claim injury to the land through percolation and saturation.

There is another point raised by defendant which demands attention. This case was heard by the same trial judge who heard and decided the case of Sheffield Car Company against this defendant; that was a case involving the right of defendant to raise its dam. The testimony in that case was, by stipulation of counsel, received in evidence in this case. Subsequently that case was brought to this court and decided, but not before this case was decided in the trial court. It was held by this court in the *Sheffield Case* that the defendant must lower its dam to the eight-foot head. 171 Mich. 423 (137 N. W. 305, Ann. Cas. 1914B, 984). It is now claimed by defendant in this case that, inasmuch as complainant's damages were awarded on the theory that the dam was to remain at the increased height, it ought not to be compelled to pay such damages.

In his reply brief, complainant answers this by asserting that, since the decree in the *Sheffield Case* was made in this court lowering the dam to the original eight-foot head, the defendant has agreed with the Sheffield Company for a consideration to continue the dam at its present height, and therefore the defendant ought to pay the damages awarded to him.

While this statement is *dehors* the record, it serves the purpose of reminding us how unwise it would be to allow the decision of this case to be affected by equities which have subsequently arisen. If changes have occurred since the decree was made in this case, which have unbalanced or destroyed the equities upon which it was based, it is a matter which can be called to the attention of the trial court in a proper proceeding.

The decree will be affirmed, with costs of both courts to the complainant.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.